IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| VENN MARKETING, LLC.,<br>Plaintiff,<br>v.<br>DAN MANNERS,<br>Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Venn Marketing, LLC, ("Plaintiff" or "Venn Marketing") files this Complaint against Dan Manners ("Manners" or "Defendant") and alleges the following:

**Introduction**

1. This is an action for trademark infringement, fraudulent registration, unfair competition, false designation of origin, and cybersquatting arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq. (the "Lanham Act"), and under the common law of the State of Georgia.

2. Plaintiff has made longstanding and substantially exclusive use of its trademarks and has expended considerable resources, money and time promoting and building consumer recognition, including through the registration and use of its

VENNMARKETING mark and other VENN MARKETING marks and branding (collectively the "Venn Marketing Marks").

3. Plaintiff obtained the domain name <www.vennmarketing.com> to promote and sell these services and services in connection with the Venn Marketing Marks.

4. Audaciously in the face of Plaintiff's rights, Defendant created the offending website venn.marketing, purporting to offer similar or identical services to Plaintiff.

5. Despite numerous attempts to apprise Defendant of Plaintiff's rights, Plaintiff was rebuffed and left with no alternative but to enforce its rights. Accordingly, Plaintiff filed a successful Uniform Domain-Name Dispute Resolution Policy ("UDRP") action against Defendant.

6. Despite having lost its venn.marketing domain, Defendant immediately spun up another offending website, vennmarketing.co and continued on with its malign and harmful conduct, fully aware of Plaintiff and its rights, leaving Plaintiff with the understanding that Defendant was hidebound to continue infringing Plaintiff and doing it significant harm unless permanently enjoined.

## **The Parties**

7. Plaintiff Venn Marketing, LLC is a citizen and limited liability company organized and existing under the laws of the State of Georgia, having its

principal place of business at 3446 Winder Hwy Suite M145, Flowery Branch GA 30542.

8. Defendant Dan Manners is an individual resident and citizen of the State of Texas, with an address of 1310 Haddington Ln, Keller Texas 76248.

**Jurisdiction**

9. This action arises under the Lanham Trademark Act, 15 U.S.C. §§ 1051 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims based on 28 U.S.C. § 1367 because the state law claims are so related to the federal subject-matter claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

11. This Court has personal jurisdiction over Defendant because he intentionally markets infringing services in the state of Georgia and to Plaintiffs' customers therein.

12. Defendant is on notice that his wrongful conduct harmed and continues to harm Plaintiff in Georgia, where Plaintiff is located.

13. Defendant is also subject to personal jurisdiction in this Court because he has committed tortious acts (*inter alia*, trademark infringement and other deceptive practices) in the state of Georgia and has committed a tortious injury in

this state and regularly solicits business in the state of Georgia.

**Statement of Facts and Defendant's Malign Conduct**

14. Venn Marketing has been operating since 2017.

15. Venn Marketing began using the mark "VENNMARKETING" and its Venn Marketing Marks generally in connection with digital marketing services since at least as early as 2017.

16. On August 26, 2023, Plaintiff filed an application to register its mark VENNMARKETING (U.S. Reg. No. 7562649) with the United States Patent & Trademark Office ("USPTO"). The mark was registered with the USPTO on November 4, 2024 (the "Registration"). A true and correct copy of the Registration's registration certificate is attached to this Complaint as Exhibit A.

17. Recently, Plaintiff became aware that Defendant had created the infringing website venn.marketing, through which it was purporting to offer competing services with Plaintiff.

18. Because the domain and the content on the website fully incorporate Plaintiff's Venn Marketing Marks, Plaintiff was extremely concerned as to the risk of consumer confusion or mistake.

19. In May 2026, Plaintiff attempted to reach Defendant via email to apprise him of Plaintiff's rights in its Marks, but Plaintiff's email attempt returned as undeliverable.

20. Plaintiff then attempted to reach respondent via connection through third party sites and social media links on the venn.marketing website.

21. Plaintiff was unable to make contact in this manner because each social media and third-party link was broken, non-functional, or a "dummy" placeholder icon. Due to these unsuccessful efforts, Plaintiff enlisted the assistance of counsel to attempt to reach Defendant.

22. Plaintiff's counsel sent a Demand Letter via email at the address listed on the venn.marketing website (the "First Infringing Site") to Defendant on May 19, 2026. A true and correct copy of the Demand Letter is attached to this Complaint as Exhibit B. The use of VENN MARKETING in a variety of forms (collectively the "Infringing Mark") was ubiquitous on the First Infringing Site.

23. On that same day, May 19, 2026, Plaintiffs' counsel received a bounce-back notice that the email was undeliverable.

24. On May 20, 2026, Plaintiffs' counsel again attempted to send the demand letter via email.

25. Once again, that same day, May 20, 2026, Plaintiffs' counsel received a bounce-back notice that the email was undeliverable.

26. On May 22, 2026, Plaintiffs' counsel attempted to submit the content of the demand letter to the respondent website via the contact form appearing on the First Infringing Site. The contact form was non-functional, and this attempt to submit

the demand by this medium proved impossible.

27. As such, Plaintiff filed a UDRP Complaint on June 10, 2026, Claim Number FA260600222646. During the pendency of the UDRP action, on July 9, 2026 Defendant finally responded via email to Plaintiff's counsel, stating that he intended to continue using the Infringing Mark and First Infringing Site.

28. Plaintiff prevailed in the UDRP action against Defendant. A true and correct copy of the UDRP Forum decision is attached to this Complaint as Exhibit C.

29. Shortly after Plaintiff prevailed in the UDRP action and the domain for the First Infringing Site was transferred to Plaintiff, Plaintiff became aware that Defendant had simply recreated the infringing website identically at the URL vennmarketing.co (the "Second Infringing Site"). The URL for the Second Infringing Site is nearly identical to Plaintiff's own domain, vennmarketing.com.

30. Plaintiff, having attempted to enforce its rights via demand correspondence in good faith, and via domain proceeding, was left with no alternative but to file the instant action due to the manifest infringement of its brand and overwhelming likelihood of confusion or mistake.

## COUNT I

## Infringement of Federally Registered Mark (15 U.S.C. § 1114)

31. Plaintiff repeats and realleges the allegations in the paragraphs above

as if fully set forth herein.

32. Plaintiff's registration for the VENNMARKETING mark is valid and subsisting and is prima facie evidence of the validity of the VENNMARKETING mark, of Plaintiff's ownership of the VENNMARKETING mark, and of Plaintiff's exclusive right to use the VENNMARKETING mark for the services enumerated in the registration.

33. By virtue of the registration, the VENNMARKETING mark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, et seq.

34. Defendant's use of the Infringing Mark, which is confusingly similar in that it is identical in sight, sound, commercial impression and with respect to the goods and services for which it is used, is certain to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Plaintiff and Defendant are related or that there is some sponsorship, endorsement, or approval for use, where in fact there is none.

35. Defendant's actions demonstrate that his infringement was intentional and malicious for the purpose of misleading the consuming public. These willful actions are in violation of the Lanham Act, 15 U.S.C. § 1114(1).

36. As a result of Defendant's infringement, as described above, the consuming public is certain to continue to be confused and deceived as to the source, sponsorship, affiliation, or approval of Defendant's services marketed under the

Infringing Mark.

37. Plaintiff has been damaged by the acts detailed in this Complaint in an amount to be determined at trial.

38. Defendant's adoption and use of the Infringing Mark for competing services is confusingly similar to Plaintiff's Venn Marketing Marks and was undertaken by Defendant intentionally, willfully, and in bad faith.

39. In addition, Defendant's conduct, if it continues, will result in irreparable harm to Plaintiff and, specifically, the goodwill associated with the Venn Marketing Marks, unless such conduct is enjoined. Defendants' actions therefore entitle Plaintiffs to damages under 15 U.S.C. § 1117 in an amount to be determined at trial, as well as exemplary damages and attorneys' fees and costs.

## COUNT II

## Infringement of Trademark, False Designation of Origin and Unfair Competition under the Lanham Act (15 U.S.C. § 1125)

40. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

41. Through Plaintiff's longstanding, widespread, continuous, and exclusive use of the Venn Marketing Marks in commerce, the Venn Marketing Marks have become impressed upon the minds of the relevant trade and consuming public as identifying Venn Marketing and indicating the source of origin of the Venn

Marketing services as coming from Plaintiff.

42. Plaintiff has built a valuable business in its use of the Venn Marketing Marks, and the goodwill associated with Plaintiff is of great value to Plaintiff. The Venn Marketing Marks have or have developed secondary meaning in the minds of the consuming public in the field of business development services in digital marketing, including consultation services in online strategy, content creation, public resources and social media management, digital and internet marketing, landing pages, wireframes, branding, graphic design; marketing consultation services being assistance in e-commerce, search engine optimization, AdWord management, email marketing, and marketing automation, and have come to indicate to the consuming public that the particular services bearing the Venn Marketing Marks originate from Plaintiff.

43. Plaintiff has used the Venn Marketing Marks in association with the digital marketing services continuously in commerce since at least as early as May 2017.

44. Defendant's use of the Infringing Mark has resulted and will result in more direct confusion as to the origin of goods and services.

45. Defendant's use of the Infringing Mark constitutes false designation of origin and/or a false or misleading description or representation of fact on or in connection with its services which is certain to continue to cause confusion, mistake

or deception as to the affiliation, connection, or association of Defendant with Plaintiff, and/or as to the origin, sponsorship or approval of Defendant's services, in violation of the Lanham Act, 15 U.S.C. § 1125(a). Defendant's conduct as described in this Complaint also constitutes an attempt to trade on the substantial goodwill that Plaintiff has developed in the Venn Marketing Marks, all to the damage of Plaintiff.

46. Defendant's use in commerce of designations which are purposefully confusing due to the literal overlap of the distinctive VENN MARKETING term, despite having actual and constructive notice of Plaintiff's prior rights in and to the Venn Marketing Marks, constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about its services and commercial activities.

47. Defendant's actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiffs. Defendants' actions therefore entitle Plaintiffs to damages under 15 U.S.C. § 1117 in an amount to be determined at trial, as well as exemplary damages and attorneys' fees and costs.

## COUNT III

## Common Law Trademark Infringement under Georgia Law

48. Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

49. Through the longstanding, continuous, and exclusive use of the Venn Marketing Marks in commerce, the relevant trade and consuming public have come to understand the Venn Marketing Marks as identifying Plaintiff and indicating the source of origin of Plaintiff's goods and services as coming from Plaintiff.

50. Plaintiff has built a valuable business, including through its use of the Venn Marketing Marks, and the goodwill associated with Venn Marketing is of great value to Plaintiff. The Venn Marketing Marks have come to indicate to the trade and consuming public that the particular services bearing the Venn Marketing Marks originate from Plaintiff.

51. Defendant's unauthorized use of the Infringing Mark is likely to cause, and has caused, confusion in the marketplace between the parties' respective goods and services.

52. Defendant's infringement of the Venn Marketing Marks is in willful and wanton disregard of Plaintiff's rights in and to the same, and without the consent of Plaintiff, entitling Plaintiff to damages in an amount to be determined at trial.

## COUNT IV

## Unfair Competition and Deceptive Trade Practices based on Georgia Law

53. Plaintiff repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

54. Defendant has engaged and continues to engage in fraudulent and

deceptive acts and practices in violation of O.C.G.A. §§ 10-1-370 et seq. and 23-2-55.

55. Defendant has used and is using the Infringing Mark which is confusingly similar to the Venn Marketing Marks in connection with identical and/or similar goods and services for which Plaintiff uses the Venn Marketing Marks.

56. Defendant's use of the Infringing Mark will cause and no doubt has caused consumers to conclude falsely that there exists some affiliation, connection or association between Defendant and Plaintiff. The actual and probable tendency and impact of Defendant's use is to enable Defendant to deceive the public, including citizens of the state of Georgia for whose protection the Code Sections were enacted.

57. Defendant's wrongful conduct constitutes unfair competition as prohibited by O.C.G.A. § 23-2-55.

58. Defendant's acts constitute unfair competition under the common law of the state of Georgia as follows:

(a) Such acts will enable Defendant to obtain the benefit of and trade on the goodwill of Plaintiff;

(b) Such acts will damage Plaintiff's goodwill in that Plaintiff does not have control over the businesses and products of Defendant;

(c) Such acts are likely to cause confusion, mistake, or deception of the public; and

(d) Such acts will result in the unjust enrichment of Defendant.

59. Defendant's infringement of the Venn Marketing Marks is in willful and wanton disregard of Plaintiff's rights in and to the same, and without the consent of Plaintiff.

60. These acts of Defendant are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined, as a result of which Plaintiff is without an adequate remedy at law.

## COUNT V

### Cyberpiracy – Violation of Anticybersquatting Consumer Protection Act (Lanham Act, 15 U.S.C. § 1125(d))

61. Venn Marketing repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

62. Defendant adopted the First Infringing Site and Second Infringing Site with a bad faith intent to profit from the Venn Marketing Mark.

63. Defendant's domain name is confusingly similar and nearly identical to Plaintiff's domain name.

64. At the time Defendant adopted the First Infringing Site and Second Infringing Site, the mark underlying the VENNMARKETING registration was distinctive, as were the rest of the Venn Marketing Marks.

65. Defendant was aware of Plaintiff's rights in the Venn Marketing Marks at the time Defendant registered and commenced use of the Second Infringing Site.

66. Defendant's Second Infringing Site is used with the intent to divert customers from Venn Marketing's online location to its own separate website.

67. Defendant registered, used and continues to use the Second Infringing Site in bad faith and with bad faith intent, and therefore is liable to Plaintiff under the Anticybersquatting Consumer Protection Act. Defendant has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Plaintiff as a result of the foregoing acts, in an amount to be determined at trial.

## **Jury Demand**

68. Plaintiff demands a trial by jury for all issues so triable.

## **Prayer for Relief**

WHEREFORE, Plaintiff requests the following relief against Defendant:

A. That Defendant and his agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with him, or any of their successor or assigns or any of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(1) using the mark VENN MARKETING, or any other confusingly similar variant, or colorable imitation in any medium;

(2) advertising, marketing, offering for sale, providing or selling the services by the words Venn Marketing or any confusingly similar variant on them;

(3) using the Infringing Mark, or any reproduction, copy, confusingly similar variant or colorable imitation of the same, in any manner likely to cause others to believe that Defendants' services are connected with Plaintiffs;

(4) committing any other acts that may cause the consuming public to believe that the Defendants' services are genuinely licensed by Plaintiffs or otherwise provided for the benefit of Plaintiffs;

(5) engaging in unfair and deceptive trade practices against Plaintiffs;

(6) using the Second Infringing Site or any confusingly similar variant;

B. That the Second Infringing Site domain be transferred to Plaintiff;

C. That this case be found exceptional and Plaintiff be awarded its attorneys' fees pursuant to 15 U.S.C. § 1117(a) and/or other applicable law.

D. That Plaintiff recover the damages arising out of Defendant's wrongful acts in a sum equal to three times the actual damages suffered by Plaintiff, as provided in 15 U.S.C. § 1117(b) and/or other applicable law.

E. That Defendant be required immediately to prepare and provide to Plaintiff a report and accounting of, and then to disgorge, all his profits and other ill-gotten gains pursuant to 15 U.S.C. § 1117(a) and other applicable law.

F. That Plaintiff have and recover all damages suffered due to Defendant's

actions pursuant to Georgia common law.

G. That Plaintiff have and recover the taxable costs of this civil action, including reasonable attorneys' fees, costs, and interest.

H. That Plaintiff have such other general and further relief as this Court deems just and proper.

Respectfully submitted, September 1, 2026.

_*/s/ Kendall W. Carter*___________
Zachary Eyster
GA Bar No. 192335
Kendall Carter
GA Bar No. 114556

Aspire Law Inc.
1100 Peachtree St. NE
Suite 200
Atlanta GA 30309
zach@aspire.law
kendall@aspire.law